UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH K. MURPHY-DAVIDSON,
an individual,

        Plaintiff,

v.

KENNETH J. STOLL, an individual,
and COMFORCARE SENIOR SERVICES-
MID MICHIGAN, a limited liability company,

        Defendants.

Case No. _____

Hon. _____

---

Frederick J. Boncher (P23072)
SCHENK, BONCHER & RYPMA
Attorneys for Plaintiff
601 Three Mile Road NW
Grand Rapids, MI 49544-1601
(616) 647-8277

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Deborah K. Murphy-Davidson, by and through her attorney, Schenk Boncher & Rypma, and in complaint against Defendants states as follows:

### General Allegations

1. Plaintiff is an individual who resides in the state of Florida.

2. Defendant Kenneth Stoll (hereinafter "Stoll") is an individual who resides in the County of Montcalm, State of Michigan, and is a resident of the Western District of Michigan Southern Division.

3. Defendant ComForcare Senior Services-Mid Michigan (hereinafter "ComForcare") is a limited liability company which is established and has its principal offices at 312 E. Main St., Stanton, MI 48888.

4. At all times pertinent hereto, Defendant Stoll was the President and Chief Executive Officer of Defendant ComForcare.

5. Plaintiff's damages are in excess of $75,000.

6. Federal jurisdiction in this matter is based upon federal diversity jurisdiction, 28 U.S.C. §1332.

7. Venue is proper in the Western District of Michigan for the reason that the incidences which formed the basis for Plaintiff's Complaint took place within the Western District of Michigan.

8. This Complaint arises out of an assault and battery which occurred on or about August 5, 2013 in the Western District of Michigan.

9. This Complaint further arises out of several instances of stalking as defined in the Michigan Compiled Laws, specifically as defined in MCL §750.411(h).

10. On or about August 5, 2013 while Plaintiff was at the home of Mr. and Mrs. Donald Kring at 8989 Airport Road, Lakeview, Michigan 48850, Plaintiff was assaulted and battered by Defendant Stoll, her former employer.

11. At that time and place, Defendant entered the home of Mr. and Mrs. Kring and began to argue with them claiming that they had broken a contract with him.

12. In response to this allegation, Mr. Kring indicated that Plaintiff had been hired not by them but rather by their daughter to perform housework for her.

13. Defendant Stoll thereafter inquired as to the whereabouts of Plaintiff and when Mr. Kring advised Mr. Stoll that she was in the back bedroom or bathroom, Mr. Stoll, without permission of the homeowners, first improperly and without permission searched through Plaintiff's bag and purse, then went to the back of the house and forced his way into the Krings' guest bedroom at all times yelling and cursing. At that time and place, Defendant began rifling through Plaintiff's personal possessions and then assaulted her with visible force by pushing her and twisting her arm and otherwise causing bruising, head injuries, and what now appears to be permanent damage to her arm and shoulder.

14. At that time and place, the local police were called and subsequently arrested Defendant for assault and battery.

15. Upon information and belief, Defendant later pled guilty or no contest to the criminal charges brought against him by the State of Michigan.

16. In addition, because of ongoing, unwanted telephone calls, texts, other communications, threats, and other assaultive behavior, Plaintiff on August 8, 2013 obtained a personal protection order from the 8th Judicial Circuit Court of Montcalm County (all in the Western District of Michigan) against Defendant for violations of Michigan stalking laws including MCL §750.411(h), MCL §750.411(I), and MCL §600.2954. (See *Exhibit 1* attached.)

17. At all times pertinent hereto, Defendant Stoll was acting in his capacity as an agent and employee of Defendant ComForcare at the time of the physical assault and battery described herein and was attempting to use force of arms to enforce a contractual employment provision of the contract between the Plaintiff and the corporate defendant.

18. At all times pertinent hereto, Defendant Stoll was operating within the course of his employment and as President and owner of the corporate defendant was fully authorized by

the corporate defendant to engage in the actions of both stalking and assault and battery set forth more fully hereafter in this Complaint.

### Count I - Assault and Battery

19. Plaintiff incorporates the above paragraphs set forth above in General Allegations as if set forth fully herein.

20. The above mentioned physical assault and battery as well as other assaultive conduct engaged in by Defendant Stoll were intended to cause physical contact with Plaintiff that was both objectively and subjectively offensive.

21. Defendant Stoll put Plaintiff in eminent apprehension of offensive contact while in the workplace and outside of the workplace on numerous occasions.

22. That is the reason why Plaintiff had to obtain a personal protection order against Defendant.

23. Defendant Stoll did in fact contact Plaintiff and objectively and subjectively in an offensive manner.

24. Defendant Stoll's offensive conduct was not permitted by Plaintiff.

25. The conduct of Defendant Stoll proximately caused damage to Plaintiff including but not limited to head injury, bruises, contusions, and ongoing apparent permanent partial disability as a result of the injuries to her arm and shoulder.

### Count II - Civil Stalking Under MCL §600.2954

26. Paragraphs 1 through 25 above are incorporated by reference as if set forth fully herein.

27. Defendant Stoll's actions described above are prohibited by MCL §750.411(h) and constitutes stalking as defined by Michigan law.

28. Specifically, Mr. Stoll's actions are willful and were directed toward Plaintiff.

29. Defendant Stoll's course of conduct involved repeated and continuous harassment directed toward Plaintiff that caused her emotional distress and mental anguish as well as the physical damages further described above.

30. Defendant Stoll's repeated and continuous harassment of Plaintiff would cause a reasonable person to feel terrorized, threatened, frightened, intimidated, harassed, and molested.

31. Defendant Stoll's conduct has actually made Plaintiff feel terrorized, threatened, frightened, intimidated, harassed, and molested to the point that she felt she had to move to the state of Florida to be free of the continued stalking and objectionable actions of Defendant Stoll.

32. Defendant Stoll engaged in a series of unconsented contact with Plaintiff for several months including but not limited to:

    a. continued texting of her;
    b. continuous phone messages and unwanted calls to her;
    c. following her and causing surveillance and observation of her in a threatening and unwanted manner;
    d. appearing at her workplace or her residence;
    e. approaching or confronting her in a public place or on private property;
    f. entering into property owned, leased or occupied by her;
    g. sending mail or other communications to Plaintiff;
    h. contacting Plaintiff by telephone;
    I. placing an object on or delivering an object to property owned, leased or occupied by Plaintiff;
    j. threatening to physically injury Plaintiff;
    k. purchasing or possessing a firearm; and
    l. posting a message with the use of the internet or on a computer or other electronic media pursuant to MCL §750.411(s).

33. Plaintiff was the targeted victim of Mr. Stoll's continued harassment.

34. As a direct and proximate result of Mr. Stoll's stalking, Plaintiff has suffered mental anguish, physical and emotional distress, humiliation, embarrassment, loss of her employment, and other physical injuries.

35. Under MCL §600.2954, Plaintiff is entitled to receive compensation for the actual damages incurred as a result of Mr. Stoll's violation of MCL §750.411(h) and MCL §750.411(s), as well as exemplary damages, costs, and attorneys' fees incurred in bringing this action.

36. All the actions of Defendant Stoll as described above, were with the express permission of the corporate defendant, a company owned and managed by Defendant as President of that corporate defendant.

37. Consequently, the actions of Defendant Stoll are likewise attributed to the corporate defendant on the basis of vicarious liability since Defendant Stoll was an agent of ComForcare acting with his absolute authority and with permission of the corporate defendant.

## Count III - Intentional Infliction of Emotional Distress

38. Paragraphs 1 through 37 above are hereby incorporated by reference.

39. Defendant Stoll's conduct as described above was extreme and outrageous, utterly beyond all possible bounds of decency, and intolerable in a civilized society.

40. Defendant Stoll's conduct was intentional and reckless.

41. As a direct and proximate result of Mr. Stoll's conduct, Plaintiff has suffered mental anguish, physical and emotional distress, humiliation, embarrassment, and physical injury.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant Stoll and Defendant ComForcare Senior Services-Mid Michigan for all damages she has suffered as a result of the conduct of Defendant Stoll, including any compensatory, punitive, and exemplary damages to which she may be entitled. Plaintiff also requests that this Court grant her costs, expenses, attorneys' fees (including all reasonable attorneys' fees as provided by the above statute), and any other relief that this Court deems fair and proper.

Date: July ___, 2014                          SCHENK BONCHER & RYPMA

                                      By: _____
                                          Frederick J. Boncher (P23072)
                                          Attorney for Plaintiff

## JURY DEMAND

NOW COMES the Plaintiff, by and through her attorneys, Schenk, Boncher & Rypma, and hereby requests a jury trial in this action.

                                      SCHENK, BONCHER & RYPMA

Dated: July ___, 2014                  By: _____
                                          Frederick J. Boncher (P23072)
                                          Attorney for Plaintiff

S:\LS500\Davidson, Debbie\Complaint.wpd