UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH K. MURPHY-DAVIDSON,

       Plaintiff,                          Case No. 1:14-CV-779

v.                                                  Hon. Ray Kent

KENNETH J. STOLL and
COMFORCARE SENIOR SERVICES-MID
MICHIGAN,

       Defendants.
_____/

**ORDER**

This matter is before the Court on Defendants' Motion for New Trial or Remittitur or Judgment as a Matter of Law (docket no. 95), and Plaintiff's Motion for New Trial for Damages Only for Assault and Battery and for Stalking and for Sanctions (docket no. 103), which were hear by this Court on October 25, 2016. Following a six-day jury trial, the jury returned a verdict on each of the three counts of the complaint. On Count I (Assault and Battery), the jury found that defendant Stoll had committed an assault and battery on plaintiff but that it had not been the proximate cause of damage to plaintiff. On Count II (Stalking), the jury found that defendant Stoll had not stalked plaintiff. On Count III (Intentional Infliction of Emotional Distress), the jury found that defendant Stoll had intentionally inflicted emotional distress on plaintiff, that he was acting within the course and scope of his employment with defendant ComForcare when he did so, and awarded plaintiff $130,000 in non-economic damages.

Federal Rule of Civil Procedure 59 governs the granting of a new trial:

> Under Fed.R.Civ.P. 59(a), a court may grant a motion for a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." This rule has been construed as encompassing such grounds as a verdict against the clear weight of the evidence, an inconsistent verdict, an excessive award of damages, an error of law during the trial, or prejudicial misconduct by the court, opposing counsel, or a juror that deprived the moving party of a fair trial. See, Robert E. Jones, et al, Fed. Civil Trials & Evidence, Ch. 20, ¶¶ 20:100 - 243 (2001 Ed.); Wight, Cooper, Kane, Fed. Prac. & Procedure, Civil 2d § 2807. It is clear that a court has broad discretion to decide whether to grant a new trial. *McPonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S. Ct. 845, 78 L.Ed.2d 663 (1984).

*MCS Software Corporation v. Altair Engineering, Inc.,* No. 07-12807, 2014 WL 6485492 *2 (E.D. Mich. Nov. 13, 2014).

As discussed on the record, the only conduct by defendant Stoll which could have supported the jury's finding of intentional infliction of emotional distress was the assault and battery, which the jury found was not the proximate cause of damages to plaintiff and the conduct which formed the basis of the stalking count on which the jury found for defendant Stoll. The jury's verdict on Count III is inconsistent and, in fact, irreconcilable with its verdict on Counts I and II.

For this reason, the Defendants' Motion for a New Trial (docket no. 95) on Count III is **GRANTED.** Plaintiff's Motion for New Trial (docket no. 103) is **GRANTED in part** in that the Court grants a new trial on the issues of liability and damages on both Count I and Count II.

Further, the Jury Verdict (docket no. 92) and Judgment (docket no. 94) are hereby **VACATED.**

A separate order shall issue setting forth new Final Pretrial and Trial dates.

**IT IS SO ORDERED.**

Dated:  October 26, 2016          /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge