```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

_____

DEBORAH K. MURPHY-DAVIDSON, an
individual,

       Plaintiff/Counter-Defendant,

   v.                                      File No. 1:14-CV-779

KENNETH J. STOLL, an individual,
and COMFORCARE SENIOR SERVICES
MID MICHIGAN, a limited liability
company,

       Defendants/Counter-Plaintiffs.
_____/

<u>Motion Hearing</u>

Before

               THE HONORABLE RAY KENT
           United States Magistrate Judge
                October 25, 2016

<u>APPEARANCES</u>

| | |
|---|---|
| FREDERICK J. BONCHER | THOMAS A. GINSTER |
| SUSAN KNOLL | 203 S. Lafayette |
| 601 Three Mile Rd., NW | P.O. Box 206 |
| Grand Rapids, MI 49544 | Greenville, MI 48838 |
| Attorney for Plaintiff/ | Attorney for Defendants/ |
| Counter-Defendant | Counter-Plaintiffs |

Digital audio recording transcribed by:

Kevin W. Gaugier, CSR-3065
U.S. District Court Reporter

```
 1                                         Grand Rapids, Michigan
 2                                         October 25, 2016
 3                                         1:03 p.m.
 4                                   -  -  -
 5
 6                      P R O C E E D I N G S
 7
 8            THE COURT:  Good afternoon.  This is case 14-CR-779,
 9   Murphy-Davidson v. Stoll, et al.  Mr. Boncher and Ms. Knoll
10   appear on behalf of Ms. Murphy-Davidson and Mr. Ginster on
11   behalf of defendants Stoll and ComForcare.
12            Mr. Ginster, a lawyer -- I'm sure you know this, but
13   a lawyer named Liisa Speaker filed an appearance this week.
14   What will her role in the case be if you --
15            MR. GINSTER:  She's ComForcare and Mr. Stoll's
16   appellate counsel, Your Honor.
17            THE COURT:  All right.  Thank you.
18            All right.  We're here this afternoon on a number of
19   motions, including defendants' motion to set aside the
20   judgment.  I guess it's really a motion for -- defendants'
21   motion for judgment as a matter of law, new trial, or
22   remittitur.  We're also here on plaintiff's motion for new
23   trial on the issue of damages on the assault and battery
24   claim, and Mr. Boncher, for new trial on the -- it wasn't cast
25   this way or captioned this way, but you're also asking for a
```

```
 1   new trial on the --
 2             MR. BONCHER:  Damages for stalking.
 3             THE COURT:  Well, they found against you on
 4   stalking, didn't they?
 5             MR. BONCHER:  Yes, they did.
 6             THE COURT:  So are you asking for --
 7             MR. BONCHER:  I guess --
 8             THE COURT:  -- a new trial on the stalking claim?
 9             MR. BONCHER:  Well, we actually thought that that
10   was against the great weight of the evidence.  We have a
11   motion for, yeah, for new trial on the stalking, I guess.
12             THE COURT:  I can't -- I can't -- if it was limited
13   to the -- if you had a trial on damages, there would be no
14   trial because there's no liability.
15             MR. BONCHER:  That's true.
16             THE COURT:  The jury found --
17             MR. BONCHER:  Yeah, that would be a whole new trial
18   or a judgment -- basically a judgment as a matter of law on
19   stalking notwithstanding the verdict of no stalking.  But I
20   understand it's a little confusing, Your Honor.  I guess
21   primarily we want a new trial just on the issue of damages for
22   the assault and battery, and I guess I can waive the stalking
23   issue at this point, make it easier for the Court.
24             THE COURT:  Well, I'm just asking what the intent
25   was because you asked for --
```

1          MR. BONCHER:  I think we want a new trial on
2   stalking because we think the decision was against the great
3   weight of the evidence.
4          THE COURT:  Okay.
5          MR. BONCHER:  We want a new trial on damages alone
6   for assault and battery because that was undisputed damages.
7          THE COURT:  And that's what I thought you were
8   asking for, so --
9          MR. BONCHER:  Yeah, yeah.
10         THE COURT:  All right.  Then we also have
11  plaintiff's request for sanctions, plaintiff's motion for a
12  bill of costs.  I have reviewed the parties' filings, and
13  those would include the following items.  Did I say
14  remittitur?  I think I did, Mr. Ginster.
15         MR. GINSTER:  You did, Your Honor.
16         THE COURT:  Okay.  I've reviewed -- read and
17  reviewed the parties' filings, and those would include ECF 95,
18  which is defendants' motion for new trial or remittitur or
19  judgment as a matter of law, some 12 pages in length, 18 pages
20  of attachments, and 347 pages of exhibits.
21         Plaintiff's response to that motion, ECF 101, and
22  her attached brief in support of the response and in support
23  of her counter-motion for a partial new trial on damages for
24  assault and battery and stalking and for sanctions.  That is
25  ECF 102, 20 pages in length, 78 pages of attachments.

1              ECF 103, plaintiff's motion for new trial for
2   damages only for assault and battery and stalking and
3   sanctions, which is supported by ECF 102, the brief, which
4   kind of is apparently intended as a dual-purpose brief both in
5   opposition to defendants' motion and in support of plaintiff's
6   motion.
7              I've reviewed ECF 106, defendants' response to
8   plaintiff's motion for new trial and for sanctions, 18 pages;
9   ECF 112, plaintiff's reply to defendants' response to
10  plaintiff's motion for sanctions, eight pages plus 14 pages of
11  attachments; ECF 115, plaintiff's proposed brief in reply to
12  defendants' brief in opposition to plaintiff's motion for a
13  new trial, ten pages, 55 pages of attachments; ECF 116,
14  supplement to plaintiff's reply brief regarding motion for new
15  trial or damages, three pages, 37 pages of attachments.
16             On the bill of costs I reviewed the bill itself, ECF
17  97, two pages, 18 pages of attachments; ECF 98, plaintiff's
18  brief in support of bill of costs, seven pages with 46 pages
19  of attachments; and ECF 100, defendants' motion to disallow a
20  portion of the claimed costs.  The motion itself is two pages,
21  supporting memorandum is six, and there are ten pages of
22  attachments.
23             Is there anything else that I haven't mentioned that
24  the parties think that I should have received and reviewed
25  before the hearing here today, Mr. Boncher?

```
 1                MR. BONCHER:  I don't believe so, Your Honor.
 2                THE COURT:  Mr. Ginster?
 3                MR. GINSTER:  Your Honor, I just tendered to counsel
 4    and brought extra copies of the Restatement I should have
 5    attached.  This is the Restatement of Torts Second pertaining
 6    to intentional infliction.
 7                THE COURT:  Okay.  All right.
 8                MR. GINSTER:  Give these to Mr. Dion?
 9                THE COURT:  You may.  You may.  And these should
10    have been attached to which brief, the -- that would be --
11                MR. GINSTER:  Our initial motion for a new trial,
12    Your Honor, or -- I'm sorry, yeah.
13                THE COURT:  So ECF 95?
14                MR. GINSTER:  That's correct, Your Honor.
15                THE COURT:  All right.  As I say, I've reviewed all
16    of the filings which I just identified.  I don't feel the need
17    for oral argument.  I'm prepared to announce my decision now.
18                As Judge Cohn recently observed in a case in the
19    Eastern District, the case being MSC Software Corporation v.
20    Altair Engineering, Inc. -- Jim, do we have an F.3d cite for
21    this or just the Westlaw cite?  I'll give you the West -- it's
22    2014 Westlaw 6485492, signed November 13, 2014.
23                "Under Federal Rule of Civil Procedure 59(a), a
24    court may grant a motion for new trial 'for any of the reasons
25    for which new trials have heretofore been granted in actions
```

1   at law in the courts of the United States.'  This rule has
2   been construed as encompassing such grounds as a verdict
3   against the clear weight of the evidence, an inconsistent
4   verdict, an excessive award of damages, an error of law during
5   the trial, or prejudicial misconduct by the court, opposing
6   counsel, or a juror that deprived the moving party of a fair
7   trial."  Judge Cohn goes on to note that:  "It is clear that a
8   court has broad discretion to decide whether to grant a new
9   trial."
10          It is my finding based upon the evidence admitted at
11  trial and the parties' extensive filings in this case which we
12  have just inventoried that the jury's verdict in this case was
13  inconsistent, and I say that for the following reason.  The
14  jury found for plaintiff on the intentional infliction of
15  emotional distress count.  The only conduct which would have
16  provided a basis for the jury's verdict on that count is the
17  very same conduct that supported plaintiff's claim on the
18  stalking count and plaintiff's claim on the assault and
19  battery count, and yet on the stalking count the jury found
20  for the defendants.  On the assault and battery count the jury
21  found that an assault and battery had occurred, but concluded
22  that it was not the proximate cause of any injury to the
23  plaintiff.
24          There is no way that the jury's verdicts on Counts 1
25  and 2 can be reconciled with its verdict on Count 3, and for

```
 1   that reason I am granting the motion, defendants' motion for
 2   new trial, ECF 95, on the issue of intentional infliction of
 3   emotional distress.  I am also granting defendants' (sic)
 4   motion, ECF 103, for new trial on both the stalking claim and
 5   also the assault and battery claim.
 6            So it looks like we're going to tee this up and do
 7   it again.  I have a date somewhere here.  April -- our
 8   tentative new trial date will be April the 10th, 2017.
 9            MR. BONCHER:  Your Honor, I know that I'm going to
10   be out of the country at that time.
11            THE COURT:  Okay.  Do you know how long you'll be
12   gone?
13            MR. BONCHER:  Yeah.  I'm gone through the 16th of
14   April, I think, two weeks down in Mexico.
15            THE COURT:  Okay.  My backup date was April 24.  Any
16   problem with that?
17            MR. BONCHER:  I don't think so.
18            THE COURT:  You know, if something comes up,
19   obviously I will be understanding.
20            Mr. Ginster, does the 24th work for you?
21            MR. GINSTER:  I believe so, Your Honor.
22            THE COURT:  Okay.  All right.  So I will issue a
23   judgment accordingly.  Any questions, comments, concerns, Mr.
24   Boncher?
25            MR. BONCHER:  I don't believe so, Your Honor, no.
```

```
 1              THE COURT:  All right.  Mr. Ginster, anything from
 2   you, sir?
 3              MR. GINSTER:  No, Your Honor.
 4              THE COURT:  Okay.  All right.  We'll be adjourned.
 5   Thank you.
 6                  (Proceedings concluded at 1:15 p.m.)
 7                             *     *     *
 8                       CERTIFICATE OF REPORTER
 9
10              I, Kevin W. Gaugier, Official Court Reporter for the
11   United States District Court for the Western District of
12   Michigan, appointed pursuant to the provisions of Title 28,
13   United States Code, Section 753, do hereby certify that the
14   foregoing is a true and correct transcript of the proceedings
15   had in the within-entitled and numbered cause on the date
16   hereinbefore set forth.
17              I do further certify that the foregoing transcript
18   was prepared by me.
19
20
21
22   /s/  Kevin W. Gaugier

23   Kevin W. Gaugier, CSR-3065
     U.S. District Court Reporter
24   110 Michigan N.W.
     622 Federal Building
25   Grand Rapids, MI 49503
```