UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH K. MURPHY-DAVIDSON,

    Plaintiff,

v.

KENNETH J. STOLL, et al.,

    Defendants.
_____/

Hon. Phillip J. Green

Case No. 1:14-cv-00779-PJG

## **VERDICT FORM**

1.   Did Mr. Stoll assault Ms. Davidson on August 5, 2013?

   \_\_\_\_ YES    ✓ NO

   1a.   If your answer to question 1 is NO, skip questions 1b through 1d and answer question 2, below.

   1b.   If your answer to question 1 is YES, was the assault the proximate cause of damages to Ms. Davidson?

       \_\_\_\_ YES    \_\_\_\_ NO

   1c.   If your answer to question 1b is NO, skip question 1d and answer question 2, below.

   1d.   If your answer to question 1b is YES, was Mr. Stoll acting within the scope and course of his employment with ComForcare at the time of the assault?

       \_\_\_\_ YES    \_\_\_\_ NO

2. Did Mr. Stoll batter Ms. Davidson on August 5, 2013?

   ____ YES   ✓ NO

   2a. If your answer to question 2 is NO, skip questions 2b through 2d and answer question 3, below.

   2b. If your answer to question 2 is YES, was the battery the proximate cause of damages to Ms. Davidson?

   ____ YES   ____ NO

   2c. If your answer to question 2b is NO, skip question 2d and answer question 3, below.

   2d. If your answer to question 2b is YES, was Mr. Stoll acting within the scope and course of his employment with ComForcare at the time of the battery?

   ____ YES   ____ NO

3. Did Mr. Stoll stalk Ms. Davidson during the period of time of June 10, 2013, through August 5, 2013?

   ____ YES   ✓ NO

   3a. If your answer to question 3 is NO, skip questions 3b through 3d and answer question 4, below.

   3b. If your answer to question 3 is YES, was the stalking the proximate cause of damages to Ms. Davidson?

   ____ YES   ____ NO

   3c. If your answer to question 3b is NO, skip question 3d and answer question 4, below.

   3d. If your answer to question 3b is YES, was Mr. Stoll acting within the scope and course of his employment with ComForcare at the time of the stalking?

   ____ YES   ____ NO

4. Did Mr. Stoll intentionally inflict emotional distress on plaintiff during the period of time of June 10, 2013, through August 5, 2013?

   \_\_\_\_ YES   ✓ NO

   4a. If your answer to question 4 is NO, skip questions 4b through 4d and review instruction 5, below.

   4b. If your answer to question 4 is YES, was the intentional infliction of emotional distress the proximate cause of damages to Ms. Davidson?

   \_\_\_\_ YES   \_\_\_\_ NO

   4c. If your answer to question 4b is NO, skip question 4d and review instruction 5, below.

   4d. If your answer to question 4b is YES, was Mr. Stoll acting within the scope and course of his employment with ComForcare at the time of the intentional infliction of emotional distress?

   \_\_\_\_ YES   \_\_\_\_ NO

5. If your answers to questions 1, 2, 3 and 4 were <u>each</u> NO – in other words, that you found that Mr. Stoll did <u>not</u> assault, batter, stalk, or intentionally inflict emotional distress on Ms. Davidson – skip all the remaining instructions and questions and have the foreperson sign and date this verdict form.

6. If your answer to <u>any</u> of the questions 1, 2, 3 and 4 was YES – in other words, that you found that Mr. Stoll did at least one of the following: assault, battery, stalking, or intentional infliction of emotional distress on Ms. Davidson – answer questions 7 through 11, below.

7. If you find that Ms. Davidson has already suffered economic damages, what is the total amount of those damages to date?

   Answer:   $_____

8. If you find that Ms. Davidson will suffer economic damages in the future, what is the total amount of those damages?

   Answer:   $_____

9. If you find that Ms. Davidson has already suffered non-economic damages, what is the total amount of those damages to date?

   Answer:   $_____

10. If you find that Ms. Davidson will suffer non-economic damages in the future, what is the total amount of those damages?

    Answer:   $_____

11. Answer question 11a <u>only</u> if you found that Mr. Stoll stalked Ms. Davidson; otherwise skip questions 11a through 11c and have the foreperson sign and date this verdict form.

    11a. Is Ms. Davidson entitled to exemplary damages?

         ____ YES   ____ NO

    11b. If your answer to question 11a is NO, skip question 11b and have the foreperson sign and date this verdict form.

    11c. If your answer to question 11a is YES, what is the total amount of the exemplary damages?

         Answer:   $_____

Date: 7/14/2017

_____
JURY FOREPERSON

-4-

Jury Request

① Michigan State Police Report

② Deborah K. Murphy-Davidson's resume
  * you have - It's Exhibit 8

③ PPO

Ava Marie Heverge
Jury foreperson

~~[struck]~~ As to the other two items, you may consider only the evidence that was admitted

Ques. #5
7/14/17

— you may not speculate about or consider what action the State Court may or may not have taken in regard to the PPO application — That is irrelevant to any issue you must decide in this case.

July 14, 2017

A medical record was included in the plaintiff's exhibits file is not a medical record for Deborah R. Murphy-Davidson, and is in fact a HIPAA violation. It must be reported to that patient as well as to the Office of Civil Rights.

Ava Marie George
Jury foreperson

ques. #6
7/14/17